# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD J. JONES, | Case No. 1:13-cv-01807-SKO (PC) |
| Plaintiff, | ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO PROSECUTE |
| v. | |
| PENA, et al., | (Doc. 10) |
| Defendants. | |

Plaintiff Leonard J. Jones, a prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 8, 2013. On February 18, 2015, the Court issued an order authorizing service of Plaintiff's amended complaint, and requiring Plaintiff to fill out and return the USM-285 forms and summonses within thirty days. (Doc. 10.) More than thirty days have passed and Plaintiff has not complied with or otherwise responded to the order.[1]

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in

---

[1] **Error! Main Document Only.** On February 27, 2015, the United States Postal Service returned the order as undeliverable. A notation on the envelope indicates that Plaintiff is no longer in custody. However, Plaintiff has not notified the Court of any change in his address. Absent such notice, service at a party's prior address is fully effective. Local Rule 182(f).

expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Phenylpropanolamine (PPA) Products Liability Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. *Id.* (citation omitted).

Based on Plaintiff's failure to comply with or otherwise respond to the order, this action shall be dismissed. *Id.* This action, which has been pending since 2013, can proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted. *Id.* Moreover, Plaintiff has failed to keep the Court apprised of his current address, which prevents the Court from communicating with him. Accordingly, this action is HEREBY DISMISSED for failure to prosecute, without prejudice.

IT IS SO ORDERED.

Dated:   **April 7, 2015**                              **/s/ Sheila K. Oberto**
                                                        UNITED STATES MAGISTRATE JUDGE